UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES R. DUGAN, II | * | CASE NO. |
| Plaintiff | * | |
| VERSUS | * | DISTRICT JUDGE |
| MERCEDES-BENZ USA, LLC | * | |
| Defendant | * | MAGISTRATE JUDGE |

*********************************************************************************************

## **COMPLAINT**

NOW COMES, Plaintiff, James R. Dugan, II ("Dugan"), a person of the full age of majority and a resident of Orleans Parish, who respectfully represents as follows:

I.

Plaintiff names as Defendant MERCEDES-BENZ USA, LLC ("MERCEDES-BENZ"), a limited liability company organized and existing under the laws of the State of Delaware and maintaining its principal business office in New Jersey. MERCEDES-BENZ may be served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

II.

This Court enjoys diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332 on the grounds that Plaintiff and Defendant are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

III.

Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this vehicle redhibition and lemon law case occurred in this judicial district and because the vehicle at issue is situated in this judicial district.

IV.

On or about June 1, 2015, Dugan entered into a Motor Vehicle Lease Agreement ("MVLA") with the local dealer, Mercedes Benz of New Orleans, for a new 2015 Mercedes S550V Sedan, VIN WDDUG8CB4FA180553, which vehicle was manufactured by MERCEDES-BENZ.  The MVLA valued the vehicle at $110,500.00.

V.

The MVLA was for a term of 36 months.  It required an initial payment of $2,313.62 at signing (which included the first month's lease payment), 35 additional monthly payments of $1,873.12, and a vehicle return payment of $595.00 at the conclusion of the lease unless Dugan elected to purchase the vehicle at that time.  Total payments under the lease were calculated to be $68,467.82.

VI.

Pursuant to section 15 of the MVLA, Mercedes Benz of New Orleans represented, in pertinent part, that the vehicle was covered by a standard new vehicle warranty from MERCEDES-BENZ, the manufacturer.  Furthermore, Mercedes Benz of New Orleans assigned to Dugan all rights it had under the manufacturer's warranty.

VII.

Dugan began to experience significant problems with the vehicle almost immediately after taking deliver on or about June 1, 2015.

VIII.

After experiencing multiple problems with the vehicle's keyless entry (the doors would not open on several occasions) and with the parking brake release, Dugan brought the vehicle to Mercedes Benz of New Orleans' service department on June 22, 2016, where the vehicle remained until July 7, 2015 – a period of 16 days.

IX.

On July 31, 2015 the vehicle went back into Mercedes Benz of New Orleans' shop to correct additional problems with the vehicle, including the rear seatbelts not functioning properly, cooling fans in various seats not functioning properly, the front seat massagers not functioning properly, the rear A/C not working, the front A/C not working, a noise coming from inside the dashboard, the vehicle's Bluetooth system not working correctly, and the vehicle's WiFi not working correctly.  The vehicle was in the shop due to these problems until August 11, 2015 – a period of 12 additional days.

X.

On September 18, 2015, the vehicle went back into Mercedes Benz of New Orleans' shop to correct additional problems with the vehicle, including problems with the keyless go system (the vehicle would not start on several occasions), problems with the keyless entry system (the vehicle would not open on several occasions), and Bluetooth issues.  The vehicle was in the shop 1 additional day on this occasion.

XI.

On October 5, 2015, the vehicle went back into Mercedes Benz of New Orleansq shop to correct additional problems with the vehicle, including the rear seatbelts again not functioning properly (necessitating that they be replaced a second time) and problems with the keyless entry system.  The vehicle was in the shop until October 12, 2015 .  a period of 8 additional days.

XII.

On December 11, 2015, the vehicle went back into Mercedes Benz of New Orleansqshop to correct additional problems with the vehicle, including problems with the keyless go system (the vehicle would not start on several occasions), problems with the keyless entry system (the vehicle would not open on several occasions), A/C system problems, Bluetooth issues, vehicle phone system issues, and a stuck cup holder.  The vehicle was in the shop until December 18, 2015 .  a period of 8 additional days.

XIII.

On December 31, 2015, after the keyless go system would once again not recognize the key and start the vehicle, Dugan dropped the vehicle back at the Mercedes Benz of New Orleansqservice department.  Upon information and belief, the vehicle is still there some five months later.

XIV.

By letter from his counsel dated January 12, 2016, Dugan notified MERCEDES-BENZ of the serious problems with the vehicle, including problems with such basic functions as opening and starting, and of the fact that the vehicle had already been in

the shop 6 times for a total of some 60 days during the first 7 months of the lease and demanded that MERCEDES-BENZ take the vehicle back.

XV.

To date, MERCEDES-BENZ has refused to accept return of the subject vehicle and either to replace it with a new vehicle or to reimburse Dugan for all reasonable expenditures in connection with the lease and to satisfy all conditions of the lease in connection with early termination and related charges.  Accordingly, to prevent either his wife, children, and/or himself from being stranded with a vehicle that does not open and/or start reliably, Dugan has been forced to lease another vehicle to replace the subject vehicle at considerable additional expense.

### **First Cause of Action - Redhibition**

XVI.

Dugan incorporates by this reference all of the factual allegations in paragraphs I-XVI of this Complaint.

XVII.

MERCEDES-BENZ is both a seller and the manufacturer of the subject vehicle for purposes of redhibition.

XVIII.

Pursuant to Mercedes Benz of New Orleans' assignment to Dugan in section 15 of the MVLA of all of Mercedes Benz of New Orleans' rights under the manufacturer's warranty, Dugan stands in Mercedes Benz of New Orleans' shoes as buyer for purposes of redhibition.

5

XIX.

Dugan has satisfied all notice, opportunity to repair, and other requirements of the Louisiana Civil Code with respect to redhibition (La. Civ. Code. art. 2520, et seq.).

XX.

The defects in the subject vehicle render it useless or so inconvenient that Dugan would not have leased the subject vehicle had he known of the defects, none of which were known or reasonably knowable to Dugan at the time he leased the subject vehicle.

XXI.

As manufacturer of the subject vehicle, MERCEDES-BENZ is deemed to know of the redhibitory defects in the subject vehicle. MERCEDES-BENZ failed to notify Dugan of any of the defects in the subject vehicle.

XXII.

Because of the subject vehicle's redhibitory defects, MERCEDES-BENZ is liable to Dugan for all sums paid to date by Dugan for the lease of the subject vehicle; all expenses occasioned by the lease; all expenses incurred by Dugan with respect to maintenance, repair, and preservation of the subject vehicle since inception of the lease; interest on all payments made on the lease from the date(s) of payment; general and special damages arising out of the lease of the defective vehicle; and all of Dugan's attorney's fees incurred with respect to the investigation and pursuit of this action.

**Second Cause of Action – Louisiana Lemon Law Claims**

XXIII.

Dugan incorporates by this reference all of the factual allegations in paragraphs I-XXII of this Complaint.

XXIV.

MERCEDES-BENZ is a "Manufacturer" of the subject vehicle for purposes of Louisiana Lemon Law.

XXV.

Dugan is a "Consumer" for purposes of Louisiana Lemon Law.

XXVI.

Dugan has satisfied all notice, opportunity to repair, and other requirements of the Louisiana Lemon Law (La. Rev. Stat. Ann. 51:1941, et seq.).

XXVII.

The subject vehicle does not conform to its new vehicle warranty provided by MERCEDES-BENZ, and despite multiple attempts, MERCEDES-BENZ has been unable to conform the subject vehicle to its warranty. The defects in the subject vehicle and its history of malfunctioning have substantially impaired Dugan's use of the subject vehicle as well as its value.

XXVIII.

Since Dugan leased the subject vehicle on June 1, 2015, he has had to put it into the service department 6 different times to repair multiple different defects and/or malfunctions, including defects/malfunctions of the subject vehicle's keyless entry and/or keyless go system on all 6 trips to the shop. This $100,000+ vehicle doesn't reliably open and doesn't reliably start.

XXIX.

Since Dugan leased the subject vehicle on June 1, 2015, the subject vehicle has been out of service for repair . and out of Dugan's possession . for 183 days (as of May 17, 2016) during the first year of the lease.

XXX.

Because of the subject vehicle's nonconformity with its warranty, MERCEDES-BENZ is obligated to accept return of the subject vehicle and is further liable to Dugan to reimburse Dugan for all reasonable expenditures in connection with the lease (including all sums paid to date by Dugan for the lease; all expenses occasioned by the lease; all expenses incurred by Dugan with respect to maintenance, repair, and preservation of the subject vehicle since inception of the lease; interest on all payments made on the lease from the date(s) of payment; all of Dugan's attorney's fees incurred with respect to enforcement of his new car warranty rights) and to satisfy all conditions of the lease in connection with early termination and related charges.

WHEREFORE, Plaintiff, JAMES R. DUGAN, II, prays that MERCEDES-BENZ USA, LLC be duly cited and served, and that after all delays and due proceedings are had that this Court enter judgment in favor of Dugan and against MERCEDES-BENZ awarding damages to Dugan for all sums paid to date by Dugan for the lease of the subject vehicle; all expenses occasioned by the lease; all expenses incurred by Dugan with respect to maintenance, repair, and preservation of the subject vehicle since inception of the lease; interest on all payments made on the lease from the date(s) of payment; general and special damages arising out of the lease of the defective vehicle; amounts owed in connection with early lease termination and related charges; and all of

Dugan's attorney's fees incurred with respect to the investigation, enforcement of his rights, and pursuit of this action.  Dugan further prays for all costs of these proceedings and that all expert fees, travel expenses, and deposition expenses be taxed as costs.  Dugan further prays for all other general and equitable relief to which he is entitled under the law based upon the facts and circumstances presented.

Respectfully submitted, this 17th day of May, 2016.

**BrowneLaw, LLC**

**s/David L. Browne**
David L. Browne, T.A. (La. Bar No. 20729)
Cynthia M. Cimino (La. Bar No. 30874)
  *Of Counsel*
365 Canal Street - Suite 1000
New Orleans, Louisiana 70130
Ph:  (504) 648-0171
Fax: (504) 648-0181
Email: dbrowne@brownelaw.com
           ccimino@brownelaw.com


*Counsel for James R. Dugan, II*


**Certificate of Service**

I do certify that on this, the 17th day of May, 2016, the foregoing pleading has been filed using the electronic filing system of the United States District Court for the Eastern District of Louisiana, and, pursuant to local rule, constitutes service of same on all counsel of record herein. I further certify that the foregoing has been sent via U.S. Mail to the following counsel for unrepresented parties who are not participating in the ECF system: *Mercedes-Benz USA, LLC, which is being served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.*

**s/David L. Browne**
David L. Browne