UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES R. DUGAN II                              CIVIL ACTION

VERSUS                                         NO. 16-6451

MERCEDES-BENZ USA, LLC                         SECTION "R" (5)

## ORDER AND REASONS

James R. Dugan, II brings state Lemon Law and redhibition claims against Mercedes-Benz USA, LLC. Mercedes USA moves to dismiss Dugan's redhibition claim. For the following reasons, the Court denies Mercedes USA's motion.

### I.  BACKGROUND

James R. Dugan, II alleges that his $110,000 Mercedes Benz s550V sedan is a lemon. According to his complaint, Dugan leased the vehicle from Mercedes Benz of New Orleans, a Mercedes Benz dealer, on June 1, 2015.[1] The lease agreement specified a term of 36 months, with $2,313.62 due at signing, 35 additional payments of $1,873.12, and a vehicle return payment

---

[1]  R. Doc. 1 at 2.

of $595.[2]   Under the lease, Mercedes Benz of New Orleans "assigned to Dugan all rights it had under the manufacturer's warranty."[3]

According to Dugan, problems with the car began almost immediately. Over the next seven months, the car allegedly required repeated repairs to seatbelts, cooling fans, seat massagers, the air conditioning system, the Bluetooth system, the WiFi system, the keyless go system, the keyless entry system, the phone system, and a cupholder.[4]   As a result of these repairs, the car was in the shop six separate times for a total of sixty days.[5] Dugan has since leased another car to replace the car in question.[6]

Dugan alleges that despite these many issues, Mercedes USA has refused his demands to either replace the car or reimburse him.[7]   In his complaint, Dugan brings claims under Louisiana redhibition law and the Louisiana Lemon Law, La. Rev. Stat. 51:1941, *et seq.*   Dugan seeks reimbursement for lease payments, maintenance and repair costs, interest,

---

[2]   *Id.*
[3]   *Id.*
[4]   *Id.* at 3-4.
[5]   *Id.* at 4-5.
[6]   *Id.* at 5.
[7]   *Id.*

and attorney's fees and costs.[8]  Mercedes USA now moves to dismiss Dugan's redhibition claim.[9]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true.  *Iqbal*, 556 U.S. at 678.  It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action.  *Id.*  In other words, the face of the complaint must contain enough factual matter

---

[8]   *Id.* at 8-9.
[9]   R. Doc. 8.

3

to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

Under the Louisiana law of redhibition, a "seller warrants the buyer against redhibitory defects, or vices, in the thing sold." La. Civ. Code art. 2520. In its motion to dismiss, Mercedes USA argues that because Dugan *leased* the car rather than *buying* it, he may not invoke the warranty against redhibitory defects.

Mercedes USA is correct that redhibition does not apply where there is no sale. *See Alvis v. CIT Grp./Equip. Fin., Inc.*, 918 So. 2d 1177, 1183-84 (La. App. 3 Cir. 2005). ("[A] redhibition cause of action relates to error in the cause of completed sales and, absent a sale, the redhibition articles do not apply."); *Hillard v. United States*, No. 06-2576, 2007 WL 647292, at *4 (E.D. La. Feb. 28, 2007) (granting motion to dismiss redhibition claim because no sale occurred). In this case, however, Dugan does allege a sale. He alleges

4

that Mercedes Benz of New Orleans bought the car from Mercedes USA, and that Mercedes Benz of New Orleans assigned its warranty rights to Dugan.[10]

Although redhibition requires a sale, a redhibition claim need not be brought by the buyer. Redhibition claims may be assigned. *See Alvis*, 918 So. 2d at 1183-84 ("[P]laintiffs, as subrogees and assignees of CIT's claim against the defendants, had the burden of proving by a preponderance of the evidence any claim of redhibition that CIT had against the defendants."); *see also Nelson Radiology Assocs., L.L.C. v. Integrity Med. Sys., Inc.*, 16 So. 3d 1197, 1201 (La. App. 4 Cir. 2009) (upholding trial court judgment in redhibition case brought by lessee against defendant seller of medical equipment to lessor). Here, Dugan alleges that Mercedes Benz of New Orleans has assigned him its right to claim redhibition against Mercedes USA. Dugan may therefore assert any redhibition claim arising from Mercedes Benz of New Orleans's purchase, and Mercedes USA's motion must be denied.

---

[10] R. Doc. 1 at 5 ("Pursuant to Mercedes Benz of New Orleans' assignment to Dugan in section 15 of the [lease agreement] of all of Mercedes Benz of New Orleans' rights under the manufacturer's warranty, Dugan stands in Mercedes Benz of New Orleans' shoes as buyer for purposes of redhibition.")

5

## IV.  CONCLUSION

For the foregoing reasons, Mercedes-Benz USA, LLC's motion to dismiss James R. Dugan, II's redhibition claim is DENIED.

New Orleans, Louisiana, this __4th__ day of January, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE